**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LEONARD FELDER,<br><br>              Defendant. | Criminal Action No. 19-343 (CCC)<br><br><br>**OPINION** |

**CECCHI**, District Judge.

Presently before the Court is Leonard Felder's ("Felder" or "Defendant") motion for reconsideration of this Court's Opinion and Order denying his omnibus motion, pursuant to Local Civil Rule 7.1 and Local Criminal Rule 1.1. ECF No. 36.  The Government filed a brief in opposition (ECF No. 42), and Felder replied (ECF No. 43).  The Court has considered all of the papers and exhibits before it, including police body-camera footage and footage from a dashboard camera relevant to the instant motion.  For the reasons expressed below, Felder's motion is denied.

### I.     BACKGROUND

#### a.  Factual Background

The Court incorporates by reference the factual background of its May 21, 2021 opinion (ECF No. 26) denying Felder's omnibus motion, in which Felder sought the suppression of evidence, and will only recite relevant facts for the purpose of this Opinion. In its first opinion, the Court explained that, during a traffic stop, Officer Reddick observed two bricks of heroin in Felder's sweatshirt pocket. *Id*. at 2. Officer Reddick then asked Felder to exit his vehicle, but instead Felder started the car. *Id.* The Court further explained that once Felder started the car, "Officer Reddick opened the door and grabbed Felder's arm in an attempt to remove Felder from

the Vehicle. Felder was, however, able to put the Vehicle into drive and carried Officer Reddick a short distance." *Id.* It was during this struggle that "Officer Reddick observed Felder take his right hand off of the steering wheel and drop something near the center console of the Vehicle." *Id*. During a subsequent search of the area where Officer Reddick observed Felder drop something, officers recovered a Taurus 9-millimeter handgun and later found a shoebox of ammunition in the rear of the vehicle. *Id.* The Court held that this search was based on probable cause and was conducted pursuant to the search incident to arrest and automobile exceptions to the Fourth Amendment's warrant requirement. *See generally* ECF No. 26.

### b.  Procedural History

On September 27, 2019, Felder filed his pretrial omnibus motion, which included the request to suppress the handgun and ammunition discovered during a search of the vehicle. ECF No. 10. The Government filed its opposition on October 22, 2019 (ECF No. 11), and provided the Court with supplemental briefing on April 11, 2020 (ECF No. 16). Felder replied to the Government's submissions on July 16, 2020. ECF No. 19. On May 21, 2021, the Court denied Felder's motion to the extent he sought to suppress evidence and requested the early disclosure of trial materials, but granted the motion to the extent he sought leave, if necessary, to file additional pretrial motions. ECF Nos. 26, 27. Thereafter, on September 15, 2021, Felder filed the instant motion for reconsideration. ECF No. 36. The Government opposed on February 14, 2022 (ECF No. 42), and Felder replied on March 3, 2022 (ECF No. 43).

### II.     LEGAL STANDARD

A party may move for reconsideration of a previous order if there are "matter[s] or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i). The Court will reconsider a prior order only where a different outcome is justified by: "(1) an

intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice." *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (citations and brackets omitted). A court commits a clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-cv-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008)). A motion for reconsideration "may not be used to relitigate old matters, nor to raise argument or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). "Mere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt.*, 161 F. Supp. 2d at 353).

### III.   <u>DISCUSSION</u>

Felder argues that reconsideration of this Court's decision regarding his motion to suppress is warranted to correct clear errors made by the Court in its determination that officers had probable cause to search the vehicle Felder was driving. Specifically, Felder asserts that footage from the incident indicates that Felder did not take his right hand off the steering wheel, and thus he could not have dropped something into the area of the car's center console. ECF No. 36-2 at 3. Felder further contends that without the allegation made by officers in their incident report that Felder dropped something, there are insufficient facts to sustain a finding that probable cause existed to search the vehicle.[1] *Id.* at 4–6.

---

[1] Felder concedes that there has been no intervening change in the law, nor the discovery of evidence previously unavailable. Accordingly, he brings this motion for reconsideration only on the grounds that the Court committed error resulting in manifest injustice. *See* ECF No. 36-2 at 3.

In opposition, the Government makes three arguments: (1) it contends that this Court reviewed and incorporated the footage into its original decision (ECF No. 42 at 3); (2) Felder's arguments are procedurally improper because "these facts and arguments were before the Court and available to [Felder] at the time of his original motion"[2] (*id.* at 4); and (3) this Court correctly determined probable cause existed independently of whether Felder dropped something into the car's center console area (*id.* at 4–5).

As an initial matter, the Court notes that it reviewed the footage in considering Felder's applications. Contrary to Defendant's assertions, the video does not clearly show that Defendant's hands remained placed on the steering wheel during the altercation with the officers. Accordingly, the Court finds that it need not "correct a clear error" in its viewing or interpretation of the footage (ECF No. 36-2 at 2–4), and, as a result, reconsideration on this ground is not warranted.

Moreover, notwithstanding Felder's contention that the Court incorrectly found that he dropped something in car, the Court still determined that probable cause existed independent of that fact to justify the search of the vehicle. In its opinion, the Court stated that "once Officer Reddick observed bricks of heroin in Felder's pocket in the Vehicle, he had probable cause to search any part of the Vehicle which might hold additional controlled substances pursuant to *United States v. Ross*, 456 U.S. 798 (1982)." ECF No. 26 at 7; *see also id.* (first citing *United States v. Byrd*, 813 F. App'x 57, 61 (3d Cir. 2020), then citing *United States v. Andrew*, 417 F. App'x 158, 163 (3d Cir. 2011)). Moreover, "[a]s additional bricks of heroin could have been found

---

[2] As to the Government's contentions that Felder's arguments are procedurally improper, Felder asserts that the Court either failed to review the footage, or if it did review the film, incorrectly interpreted it such that the Court committed an error resulting in manifest injustice. Because this argument could not have existed before the Court issued its opinion, Felder may raise it on his motion for reconsideration. *See N. River Ins. Co.*, 52 F.3d at 1218 (finding a motion for reconsideration appropriate where there is a "need to correct a clear error [of law] or prevent manifest injustice").

in virtually any part of the Vehicle, Officer Reddick's search and subsequent recovery of the [handgun] and ammunition were lawful." ECF No. 26 at 8. Thus, the Court determined that probable cause to search the vehicle existed independently of whether officers observed Felder drop something in the car while he struggled to avoid apprehension. Further, Felder does not contest that Officer Reddick observed he had bricks of heroin on his person while he sat in the car. That is, Defendant does not argue that the Court committed error in finding that this fact served as a basis for probable cause. Accordingly, Defendant's challenge to the Court's probable cause determination amounts to a mere disagreement with the Court's conclusion that the search of the vehicle and subsequent seizure of the handgun and ammunition were permissible pursuant to the automobile exception to the Fourth Amendment's warrant requirement. Such a disagreement does not warrant reconsideration of the Court's prior decision. *See Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) ("A motion for reconsideration is improper when it is used to ask the Court to rethink what i[t] had already thought through—rightly or wrongly.") (citations and quotation marks omitted).

Accordingly, Felder's motion for reconsideration is denied.

## IV.   <u>CONCLUSION</u>

For the aforementioned reasons, the Court denies Felder's motion for reconsideration. ECF No. 36.  An appropriate Order follows this Opinion.


**DATE**: January 13, 2023


s/ Claire C. Cecchi

―――――――――――――――――

**CLAIRE C. CECCHI, U.S.D.J.**